FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHAN JACKSON,          )<br>                           )<br>     Plaintiff,            )   No.<br>                           )<br>     vs.                    )   Judge<br>                           )   Magistrate Judge<br>CITY OF CHICAGO,           )<br>Chicago Police Officers    )<br>SHAWN PICKETT, Star 12737, and )   Jury Demand<br>DANIEL BORA, Star 19830,   )<br>                           )<br>     Defendants.            )   | |

**08 C 95**

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE COX**

## COMPLAINT

1.   This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.   Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.   Plaintiff is a resident of Chicago, Illinois.

5.   Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.   The Defendant-Officers are sued in their individual capacities.

7.   The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.   On July 3, 2007, Plaintiff was with a crowd of people that were gathered in the 900 block of North Hamlin in Chicago, Illinois.

9.   Defendant-Officers pulled up in front of the crowd and exited their police

vehicles.

10. Plaintiff and the crowd dispersed.

11. Plaintiff started walking down the street.

12. Defendant-Officers seized Plaintiff.

13. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

14. Defendant-Officers searched Plaintiff.

15. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff.

16. Nothing was found from the search of Plaintiff.

17. Defendant-Officers arrested Plaintiff.

18. Defendant-Officers arrested four other people.

19. Plaintiff and the four other arrestees were taken to a police station.

20. Upon information and belief, the four other arrestees were soon thereafter released.

21. Plaintiff was charged with possession of a controlled substance, a class 4 felony.

22. Plaintiff was held in police custody and then transferred to Cook County Jail.

23. Plaintiff was not able to post bond until about 8:00 p.m. on July 4, 2007.

24. The criminal case against Plaintiff was dismissed on the second court date.

25. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Illegal Search of Person)

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the

Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

29. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

30. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

31. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

32. Defendant-Officers instituted charges against Plaintiff for felony possession.

33. There was not probable cause for such charges.

34. The charges were dismissed.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

35. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

36. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

37. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

38. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595