## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHAN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 0095 |
| | ) | |
| vs. | ) | JUDGE LEINENWEBER |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cox |
| Chicago Police Officers | ) | |
| SHAWN PICKETT, Star 12737, and | ) | Jury Demand |
| DANIEL BORA, Star 19830, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS☐ ANSWERS, AFFIRMATIVE DEFENSES
## AND JURY DEMAND TO PLAINTIFF☐S COMPLAINT

Defendant, City of Chicago, and Defendant Chicago Police Officers Shawn Pickett and Daniel Bora, (referred to herein as "Defendant Officers"), (referred to herein collectively as "Defendants"), by one of their attorneys, Anne K. Preston, Assistant Corporation Counsel of the City of Chicago, for their Answers, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**      **Defendants admit that jurisdiction is proper, but deny engaging in any wrongful or illegal conduct.**

2.      Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28U.S.C. § 1367(a).

**ANSWER:**      **Defendants admit that jurisdiction is proper, but deny engaging in any wrongful or illegal conduct.**

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:    Defendants admit that venue is proper, but deny engaging in any wrongful or illegal conduct.**

### Parties

4.    Plaintiff is a resident of Chicago, Illinois.

**ANSWER:    Upon information and belief, Defendants admit the allegations contained in this paragraph.**

5.    Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

6.    The Defendant-Officers are sued in their individual capacities.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

7.    The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

### Facts

8.    On July 3, 2007, Plaintiff was with a crowd of people that were gathered in the 900 block of North Hamlin in Chicago, Illinois.

**ANSWER:    Defendants admit that Plaintiff was with four other people on July 3, 2007 on the 900 block of North Hamlin in Chicago, Illinois.  Defendants deny any remaining allegations.**

9.    Defendant-Officers pulled up in front of the crowd and exited their police vehicles.

**ANSWER:**    Defendants admit that Defendant Bora drove his police vehicle to where Plaintiff was observed on the 900 block of North Hamlin and exited his vehicle. Defendants deny the remaining allegations contained in this paragraph.

10.    Plaintiff and the crowd dispersed.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

11.    Plaintiff started walking down the street.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

12.    Defendant-Officers seized Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

13.    Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

14.    Defendant-Officers searched Plaintiff.

**ANSWER:**    Defendants admit that at some point Plaintiff was searched.

15.    Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

16.    Nothing was found from the search of Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

17.    Defendant-Officers arrested Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

18.    Defendant-Officers arrested four other people.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

3

19.    Plaintiff and the four other arrestees were taken to a police station.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

20.    Upon information and belief, the four other arrestees were soon thereafter released.

**ANSWER:    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

21.    Plaintiff was charged with possession of a controlled substance, a class 4 felony.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

22.    Plaintiff was held in police custody and then transferred to Cook County Jail.

**ANSWER:    Upon information and belief, Defendants admit the allegations contained in this paragraph.**

23.    Plaintiff was not able to post bond until about 8:00 p.m. on July 4, 2007.

**ANSWER:    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

24.    The criminal case against Plaintiff was dismissed on the second court date.

**ANSWER:    Defendants admit that the criminal case against Plaintiff was nolle'd on July 31, 2007.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.**

25.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

26.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, and monies posted for bond.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

4

## COUNT I
### (42 U.S.C. § 1983 - Illegal Search of Person)

27.    Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:**    **Defendants restate their answers to Paragraphs 1 through 26 as if fully set forth herein.**

28.    The actions of Defendant-Officers in searching Plaintiffs person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

29.    Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:**    **Defendants restate their answers to Paragraphs 1 through 26 as if fully set forth herein.**

30.    The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (State Law Claim for Malicious Prosecution)

31.    Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:        Defendants restate their answers to Paragraphs 1 through 26 as if fully set forth herein.**

32.    Defendant-Officers instituted charges against Plaintiff for felony possession.

**ANSWER:        Defendants admit the allegations contained in this paragraph.**

33.    There was not probable cause for such charges.

**ANSWER:        Defendants deny the allegations contained in this paragraph.**

34.    The charges were dismissed.

**ANSWER:        Defendants admit the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### (State Law Respondeat Superior Claim)

35.    The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:        Defendants deny the allegations contained in this paragraph.**

36.    Pursuant to respondeat superior, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:        Defendants deny that Plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

<u>**COUNT V**</u>
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

37.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**<u>ANSWER:</u>    Defendants deny the allegations contained in this paragraph.**

38.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**<u>ANSWER:</u>    Defendants admit that the Illinois Tort Immunity Act, 745 ILCS 10/9-102 provides that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102. Defendants deny the remaining allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**<u>AFFIRMATIVE DEFENSES</u>**

1.    At all times relevant to the events alleged in Plaintiff's First Amended Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by him were objectively

reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, is entitled to qualified immunity as a matter of law.

2.      Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

3.      Under the Illinois Tort Immunity Act, the Defendants are not liable for the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

4.      Under the Illinois Tort Immunity Act, the Defendants are not liable for the allegations because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.      Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision as to what action to take with regard to the Plaintiff was a discretionary decision for which the City and its employees are immune from liability.  745 ILCS 10/2-201.

6.      Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208.

## **JURY DEMAND**

Defendants request a trial by jury.

Respectfully submitted,

/s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty No.: 06287125

## <u>CERTIFICATE OF SERVICE</u>

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANTS' ANSWERS, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the persons named below, "Filing Users" pursuant to Case Management/Electronic Case Files, on July 10, 2008, in accordance with the rules on electronic filing of documents.

Lawrence V. Jackowiak
Louis Meyer
Daniel Kiss
Law Offices of Lawrence V. Jackowiak
20 N. Clark St., Suite 1700
Chicago, IL  60602

　　　　　　　　　　　　　　　　　　 /s/ Anne K. Preston
　　　　　　　　　　　　　　　　　　ANNE K. PRESTON
　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

10